1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT
                         WESTERN DISTRICT OF WASHINGTON
                                    AT SEATTLE

9

10    CHRISTOPHER W. HESSE, et al.,              CASE NO. C06-0592JLR

11                      Plaintiffs,              ORDER REGARDING
                                                 DISCOVERY PRIOR TO
12           v.                                  MOTION TO COMPEL
                                                 ARBITRATION AND FOR
13    SPRINT SPECTRUM, L.P., et al.,             RELIEF FROM DEADLINE

14                      Defendants.

15                          I.        INTRODUCTION

16          Before the court is Plaintiffs' motion for an order permitting limited discovery and

17    an extension of time in the briefing schedule (Dkt. # 256) with regard to Defendant Sprint

18    Spectrum, L.P., d/b/a Sprint PCS's ("Sprint PCS") pending motion to compel arbitration,

19    de-certify the class, and dismiss the action (Dkt. # 253).  Having reviewed the motion, all

20    papers filed in support and opposition thereto, and being fully advised, the court

21    GRANTS in part and DENIES in part Plaintiffs' motion (Dkt. # 256).  In addition, the

22    court STRIKES Sprint PCS's motion to compel arbitration from the calendar without

ORDER- 1

1   prejudice to re-filing following the limited discovery permitted by the court as described

2   below.

3                                    II.      BACKGROUND

4            This is a class action by current and former Sprint PCS subscribers in Washington

5    State.  In this action, Plaintiffs challenge Sprint PCS's alleged practice of billing its

6    customers an added charge for its Washington State business and occupation ("B&O")

7    taxes.  (*See generally* Consol. Compl. (Dkt. # 118).)  Plaintiffs allege this practice

8    violates Washington's statutory prohibition on treating B&O taxes as taxes on

9    consumers.  (*See id.* ¶ 2.1 (citing RCW 82.04.500).)

10           Plaintiffs Christopher W. Hesse and Nathaniel Olson filed separate lawsuits in

11   King County Superior Court for the State of Washington in 2006.  (*See* Notice of

12   Removal (Dkt. # 1); Show Cause Order (Dkt. # 24).)  Defendants removed both cases to

13   federal court, and they were consolidated in the present action.  (*See* Notice of Removal;

14   Min. Ord. re: Consol. (Dkt. # 33).)  Plaintiffs seek a declaratory judgment and injunction

15   against Sprint PCS's alleged practice, along with damages under Washington's

16   Consumer Protection Act, RCW ch. 19.86, and restitution for unjust enrichment.  (*See*

17   *generally* Consol. Compl.)

18           Over the next five years, the parties litigated a number of issues, but never an issue

19   concerning arbitration.  In 2007, the court granted Plaintiffs' motion for class certification

20   (Dkt. # 117).  Defendants moved to dismiss all claims predicated on the B&O tax as

21   preempted by the Federal Communications Act ("FCA") (Dkt. # 138).  Defendants later

22   moved for summary judgment of the remaining claims based on a class settlement in

1    Kansas (Dkt. # 176).  Each of these defenses was rejected on appeal.  *See Hesse v. Sprint*

2    *Specturm, L.P.*, 598 F.3d 581 (9th Cir. 2010).

3           On remand, Sprint PCS moved for summary judgment again on the merits (Dkt. #

4    216), which Plaintiffs opposed (Dkt. # 231).  The court then stayed the action pending a

5    decision from the Washington Supreme Court on a materially similar case against

6    Cingular Wireless.  (Order (Dkt. # 243).)  Never, during all these years of litigation, did

7    Defendants assert that Plaintiffs' claims were subject to arbitration.

8           On April 27, 2011, the Supreme Court issued its decision in *AT&T Mobility LLC*

9    *v. Concepcion*, --- U.S. ---, 131 S. Ct. 1740 (2011), which held that the Federal

10   Arbitration Act ("FAA") preempted California's *Discover Bank* rule,[1] which had held

11   that an arbitration agreement in a consumer contract setting could be found to be

12   unconscionable because it included a universal class action waiver.  On September 14,

13   2011, Sprint PCS moved the court to lift the stay in this matter to permit Sprint PCS to

14   file a motion to compel arbitration in light of the change wrought in the law by the

15   Supreme Court's decision in *Concepcion* (Dkt. # 244).  The court lifted the stay for this

16   limited purpose (Dkt. # 252), and Sprint PCS filed its motion to compel arbitration, de-

17   certify the class, and dismiss the action (Dkt. # 253).

18          In response, Plaintiffs filed the present motion seeking limited discovery with

19   regard to the issue of arbitration and an extension of time to respond to Sprint PCS's

20   motion to compel arbitration.  (Mot. (Dkt. # 256).)  Specifically, Plaintiffs seek discovery

21   
_____

22          [1] *Discover Bank v. Superior Court*, 113 P.3d 1100 (Cal. 2005), *overruled Concepcion*, ---
     U.S. ---, 131 S.Ct. 1740.

1  with regard to two issues:  (1) whether an agreement to arbitrate was formed (*id.* at 5-6;

2  Reply (Dkt. # 258) at 3-4), and (2) whether the alleged arbitration agreement will

3  preclude Plaintiffs from enforcing their statutory rights (Mot. at 6-8; Reply at 4-5).

4                                      **III.    ANALYSIS**

5          Although discovery in this matter has been closed, the court finds that Plaintiffs'

6  motion seeking additional discovery concerning Defendants' motion to compel

7  arbitration is timely.  Defendants did not move to compel arbitration until November 16,

8  2011, more than five years following the filing of the complaint.  (*See* Mot. to Compel

9  Arb. (Dkt. # 253).)  Defendants assert that it would have been futile for them to move to

10  compel arbitration prior to the Supreme Court's decision in *Concepcion*, --- U.S. ---, 131

11  S .Ct. 1740, which fundamentally changed the jurisprudence in the Ninth Circuit

12  governing arbitration agreements.  (Mot. to Compel Arb. at 1.)  The court agrees with this

13  assessment, but the fact that Defendants did not move to compel arbitration until recently

14  means that Plaintiffs previously had no reason to seek or conduct discovery with regard

15  to arbitration issues. *Laguna v. Coverall N. Am., Inc.*, No. 09cv2131 (BGS), 2011 WL

16  3176469, at *3 (S.D. Cal. July 26, 2011) ("Defendants filed the motions to compel

17  arbitration well into the case, and should have known that as a result, Plaintiffs might

18  need to conduct limited discovery to investigate the enforceability of the arbitration

19  clause.").  Now that the need has arisen, Plaintiffs must be afforded an opportunity to

20  gather appropriate evidence. *See id.* (granting plaintiff's request to reopen discovery

21  when motion for discovery was filed in good faith soon after defendants filed motions to

22  compel arbitration); *Plows v. Rockwell Collins, Inc.*, No. SACV 10-01936 DOC

1  (MANx), 2011 WL 3501872, at *5 (C.D. Cal. Aug. 9, 2011).  Nevertheless, the FAA

2  "calls for a summary and speedy disposition of motions or petitions to enforce arbitration

3  clauses." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 29 (1983).

4  Accordingly, Plaintiffs are entitled to only limited discovery concerning those factual

5  issues specifically implicated by Defendants' motion to compel arbitration.

6        Plaintiffs assert that they are entitled to discovery concerning whether Plaintiffs

7  entered into an agreement to arbitrate.  (Mot. at 5-6; Reply at 4.)  The Ninth Circuit Court

8  of Appeals has held that "[t]he FAA provides for discovery and a full trial only if 'the

9  making of the arbitration agreement or the failure, neglect, or refusal to perform the same

10  be in issue.'"  *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 726 (9th Cir. 1999) (quoting 9

11  U.S.C. § 4)).  "[T]he making of the arbitration agreement is in issue if the plaintiff alleges

12  that the arbitration clause was fraudulently induced, that one party had overwhelming

13  bargaining power, or that the agreement does not exist."  *Hibler v. BCI Coca-Cola*

14  *Bottling Co. of L.A.*, No. 11-CV-298 JLS (NLS), 2011 WL 4102224, at *1 (S.D. Cal.

15  Sept. 14, 2011) (citing *Granite Rock Co. v. Int'l Broth. of Teamsters*, --- U.S. ---, 130 S.

16  Ct. 2847, 2856 (2010); *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445

17  (2006); *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1269-70 (9th Cir. 2006)).

18        Plaintiffs assert that they need this discovery because "whether the [arbitration]

19  clause was agreed to" is in dispute.  (Mot. at 5-6.)  The court, however, disagrees.  The

20  argument that the formation of the arbitration agreement is in dispute has been foreclosed

21  by Plaintiffs' prior admissions.  In an earlier motion for partial summary judgment,

22  Plaintiffs expressly stated that their "relationship" with "Sprint is governed by the Terms

1  & Conditions of Service, which sets forth the general terms, and a 'service plan,' which

2  sets forth the specific rates and features of the plan."  (Pl. Resp to Mot. for S.J. (Dkt. #

3  185) at 1; *see also* Pl. Mot for Part. S.J. (Dkt. # 175) at 2; *id.* at 6 (admitting that "[t]he

4  Terms & Conditions agreement . . .  governs the relationship between Plaintiffs and

5  Sprint . . . ."); *see* November 1, 2011 Terms & Conditions (Dkt. # 175-2) Ex. 1 at

6  SPRINT-PCS-HO 000025) ("Your agreement ("Agreement") with Sprint Specturn L.P.

7   . . . is made up of these Terms and Conditions ("Terms") and the Service Plan that we

8  agree to provide you."); August 1, 2002 Terms & Conditions (Dkt. # 175-2) Ex. 3 at

9  SPRINT-PCS-HO 000047 (same).)[2]  The arbitration clauses relied upon by Sprint PCS in

10  its motion to compel arbitration are contained within the Terms & Conditions applicable

11  to the time periods of Plaintiffs' relationship with Sprint PCS.  (*See* Mot. to Compel Arb.

12  (Dkt. # 253) at 3-4, 6-7; Brenner Decl. (Dkt. # 177) Ex. 6 at SPRINT-PCS HO 000118;

13  Skok Decl. (Dkt. # 245) Ex. A at 1, 9.)  Because Plaintiffs have already admitted that

14  their relationship with Sprint PCS is governed by the Terms & Conditions, the court finds

15  that no further discovery with regard to this issue is required.[3]

16  　　　　Plaintiffs also assert that they need to conduct discovery regarding when the

17  agreements were formed.  (Mot. at 5.)  The court, however, finds that this avenue of

18  

19  　　[2] Plaintiffs' admissions also foreclose their arguments that they are not bound by the
Terms & Conditions because they were not "necessarily" given copies of the Terms &
20  Conditions or were not asked to sign them.  (*See* Mot. at 6, n.3.)

21  　　[3] In addition, the court notes that Plaintiffs have both received and utilized copies of the
various applicable Terms and Conditions in this litigation.  (*See* Moore Decl. (Dkt. # 175-2) Exs.
22  1, 3; Pl. Mot for Part. S.J. at 3, n.3; *see also* Brenner Decl. Exs. 2-11; Stok Decl. Exs. A, B.)

1  discovery is also foreclosed because there is no factual issue to resolve.  There is no

2  dispute that Mr. Hesse became a Sprint PCS customer on December 12, 2011 (*see*

3  Consol. Compl. ¶ 2.1; 2d Straub Decl.(Dkt. # 72) ¶ 6), and that Mr. Olson became a

4  Sprint PCS customer on May 22, 2002 (*see* Consol. Compl. ¶ 2.1; 2d Straub Decl. ¶ 5).[4]

5  Plaintiffs have admitted that Mr. Hesse cancelled his service with Sprint in February

6  2006, and Mr. Olson terminated his service in late 2010.  (Pl. Resp. to Renewed S.J. at 4.)

7  The class period is from March 16, 2002 to the present.  (*See* Dkt. ## 160, 171.)

8  Accordingly, the court finds that there is no factual dispute concerning when the contracts

9  at issue here were formed, or the time period defining the Terms of Service at issue, and

10  thus no need for discovery on this topic.  When Plaintiffs cannot show how allowing

11  additional discovery would bear on the outcome of the pending motion, the court acts

12  within its discretion in denying such a request.  *See Panatronic USA v. AT&T Corp.*, 287

13  F.3d 840, 846 (9th Cir. 2002).

14         Finally, Plaintiffs assert that they need discovery regarding the alleged

15  unconscionability of the arbitration clauses – specifically whether they will be able to

16  effectively vindicate their statutory rights in the arbitral forum.  (*See* Mot. at 7-8; Reply at

17  4-6.)  In *Green Tree Financial Corporation – Alabama v. Randolph*, 531 U.S. 70 (2000),

18  the Supreme Court stated that "[i]t may well be that the existence of large arbitration

19  costs could preclude a litigant . . . from effectively vindicating her federal statutory rights

20  

21         [4] (*See also* Pl. Resp. to Renewed S.J. (Dkt. # 231) at 3 ("Named Plaintiff Christopher

22  Hesse began subscribing to Sprint in December 2001, and Nathaniel Olson began subscribing in May 2002.").)

ORDER- 7

1    in the arbitral forum." *Id.* at 90.  Numerous courts have required discovery on such

2    issues prior to ruling on a motion to compel arbitration.  *See, e.g.*, *Newton v. Clearwire*

3    *Corp.*, No. 2:11-CV-00783-WBS-DAD, 2011 WL 4458971, at *6-*8 (E.D. Cal. Sept. 23,

4    2011) (permitting limited pre-arbitration discovery regarding unconscionability); *Plows*,

5    2011 WL 3501872, at *5 (permitting four months to conduct discovery on the

6    enforceability of the arbitration agreement); *Laguna*, 2011 WL 3176469, at *7

7    (permitting limited discovery, narrowly tailored to determining whether arbitration clause

8    is enforceable under state law); *Hamby v. Power Toyota Irvine*, 798 F. Supp. 2d 1163,

9    1164-65 (S.D. Cal. 2011) (permitting limited pre-arbitration discovery on issue of

10   unconscionability); *Larsen v. J.P. Morgan Chase Bank, N.A.*, Nos. 10-12936, 10-12937,

11   2011 WL 3794755, at *1 (11th Cir. Aug. 26, 2011) (vacating district court order which

12   denied a motion to stay pending arbitration and remanding with instructions to reconsider

13   in light of the Supreme Court's decision in *Concepcion* and that "discovery is to be

14   limited to issues bearing significantly on the arbitrability of this dispute until the question

15   of arbitrability has been decided.").  Accordingly, Plaintiffs' motion for discovery is

16   granted with respect to the narrow issue of whether the arbitration clauses at issue would

17   permit Plaintiffs to vindicate their statutory rights.

18       The court, nevertheless, recognizes that there are potentially substantive issues

19   with respect to Plaintiffs' reliance on *Green Tree*.  First, Plaintiffs are asserting state, and

20   not federal, statutory rights.  "[I]t is not clear that *Green Tree*'s solicitude for the

21   vindication of rights applies to rights arising under state law. . . ." *Kaltwasser v. AT&T*

22   *Mobility, LLC*, --- F. Supp. 2d ---, 2011 WL 4381748, at *5 (W.D. Wash. Sept. 20, 2011).

1    Further, "even assuming that *Green Tree* applies to state law claims, the notion that

2    arbitration must never prevent a plaintiff from vindicating a claim is inconsistent with

3    *Concepcion.*"  *Id.*  Indeed, another court within this district has concluded that "[i]f

4    *Green Tree* has any continuing applicability, it must be confined to circumstances in

5    which a plaintiff argues that costs specific to the arbitration process, such as filing fees

6    and arbitrator's fees, prevent her from vindicating her claims."  *Id.* at *6.

7           Although the court notes the foregoing issues, it declines, in the context of this

8    motion to compel discovery, to make any substantive rulings concerning the continued

9    viability of *Green Tree* following the Supreme Court's ruling in *Concepcion* or its

10   applicability to this dispute.  The court prefers instead to consider such issues (if

11   required) in the context of Defendants' motion to compel arbitration (Dkt. # 253) and

12   upon a complete record following the ordered discovery.  The court, however, cautions

13   the parties that the present order compelling limited discovery is by no means a license

14   for Plaintiffs to embark on a fishing expedition, and in light of the court's comments

15   above should be narrowly construed.  The court's role at this juncture "is strictly limited

16   to determining arbitrability and enforcing agreements to arbitrate."  *See Chiron Corp. v.*

17   *Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1131 (9th Cir. 2000) (internal quotation

18   marks omitted).

19                              **IV.    CONCLUSION**

20          Based on the foregoing, the court GRANTS in part and DENIES in part Plaintiffs'

21   motion for discovery (Dkt. # 256) concerning Defendants' motion to compel arbitration.

22   Plaintiffs may conduct discovery on the narrow issue described above.  Plaintiffs shall

1   have sixty (60) days in which to conduct the referenced discovery from the date of this

2   order.  Plaintiffs' discovery shall be limited to ten interrogatories, ten requests for

3   production of documents, and one Federal Rule of Civil Procedure 30(b)(6) deposition.

4   *See* Fed. R. Civ. P. 26(b), 26(c) (providing the court with the authority and discretion to

5   limit the frequency and extent of discovery).  The court encourages the parties to work

6   cooperatively to complete the ordered discovery as expeditiously as possible, and to

7   consider utilizing the procedures set forth in Local Rule CR 7(i) with regard to any

8   disputes that may arise concerning the discovery permitted by this order.  *See* W.D.

9   Wash. Local Rules CR 7(i).  Finally, the court STRIKES Defendants' pending motion to

10  compel arbitration (Dkt. # 253), but without prejudice to re-filing within 21 days

11  following the close of this limited 60-day discovery period.

12          Dated this 9th day of January, 2012.

13

14

15                                          JAMES L. ROBART
16                                          United States District Judge

17

18

19

20

21

22

ORDER- 10