The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| CHRISTOPHER W. HESSE and NATHANIEL OLSON,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>SPRINT SPECTRUM L.P.,<br><br>　　　　　Defendant. | No. CV-06-00592-JLR<br><br>**FINAL ORDER APPROVING CLASS SETTLEMENT** |

On December 2, 2014, the Court heard plaintiffs Christopher Hesse and Nathaniel Olson's ("Plaintiffs") Motion for Final Approval of Proposed Class Settlement (Dkt. No. 311) and Plaintiffs' Motion for Attorneys' Fees, Costs, Expenses, and Incentive Fees (Dkt. No. 306). The Court reviewed the motions and the supporting papers, including, the Settlement Agreement and Release ("Settlement Agreement").[1] The Court also considered the oral argument of counsel. There were no objectors to the Settlement Agreement. Based on this review and the findings below, the Court found good cause to grant the motion.

---

[1] This Order incorporates by reference the definition of any capitalized terms as set forth in the Settlement Agreement except as otherwise defined herein.

[PROPOSED] FINAL ORDER APPROVING CLASS
SETTLEMENT [CV-06-00592-JLR] - 1

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104 Tel: 206-652-8660

**FINDINGS:**

**1.** The Settlement Agreement is fair, reasonable, and adequate. The Settlement Agreement was negotiated at arm's length, in good faith, by capable and experienced counsel, with full knowledge of the facts, the law, and the risks inherent in litigating the Action, and with the active involvement of the Parties. Moreover, the Settlement confers substantial economic benefits on the Class Members, is not contrary to the public interest, and will provide the Parties with repose from litigation.

**2.** The Parties adequately performed their obligations under the Settlement Agreement.

**3.** Heffler Claims Group (the "Claims Administrator") provided notice to Class Members in compliance with paragraph 3.3 of the Settlement Agreement, due process, and Rule 23 of the Settlement Agreement, due process, and Rule 23 of the Federal Rules of Civil Procedure. The notice: (a) fully and accurately informed Class Members about the lawsuit and Settlement; (b) provided sufficient information so that Class Members were able to decide whether to accept the benefits offered, opt-out and pursue their own remedies, or object to the proposed Settlement; (c) provided procedures for Class Members to file written objections to the proposed Settlement, to appear at the Fairness Hearing, and to state objections to the proposed Settlement; and (d) provided the time, date, and place of the Fairness Hearing.

**4.** As set forth in the separate order granting Named Plaintiffs' and Class Co-Counsel's motion for attorneys' fees and costs, an award of $4,000,000.00, with a possible supplemental award of up to $1,000,000.00, in attorneys' fees and costs to Class Co-Counsel is fair and reasonable in light of the nature of this case, Class Co-Counsel's experience and efforts in prosecuting this Action, and the benefits obtained for the Class. The award will be paid out of the Settlement Fund pursuant to paragraph 2.2 of the Settlement Agreement.

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104 Tel: 206-652-8660

5. An incentive award to each Named Plaintiff of $7,500.00 is fair and reasonable in light of: (a) Named Plaintiffs' risks in commencing this Action as the Class Representatives; (b) the time and effort spent by Named Plaintiffs in litigating this action as the Class Representatives; and (c) Named Plaintiffs' public interest service. The award will be paid out of the Settlement Fund pursuant to paragraph 2.3 of the Settlement Agreement.

**IT IS ORDERED THAT:**

6. **Class Members.** The Class Members are defined as:

> All current and former Sprint Spectrum L.P. ("Sprint") Account Holders, who, from March 1, 2002, to April 30, 2012, were billed a B&O Surcharge by Sprint.

7. **Binding Effect of Order.** This order applies to all claims or causes of action settled under the Settlement Agreement, and binds Named Plaintiffs and all Settlement Class Members who did not properly request exclusion under paragraph 7 of the Order Granting Preliminary Approval of Class Settlement. This order does not bind persons who filed a timely and valid Exclusion Request. Attached hereto as Exhibit A is a list of persons who properly requested to be excluded from the Settlement.

8. **Release.** Named Plaintiffs and all Settlement Class Members are: (1) deemed to have released and discharged Sprint and the Released Parties from all claims arising out of or asserted in this Action and all claims released under the Settlement Agreement; and (2) barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, these claims. The full terms of the release described in this paragraph are set forth in paragraph 4.3 of the Settlement Agreement and are specifically approved and incorporated herein by this reference (the "Release").

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104 Tel: 206-652-8660

9. **Class Relief.** The Settlement Fund, consisting of twenty million United States dollars and no cents ($20,000,000.00), shall be used to reimburse the Class for the amounts of B&O Surcharge Sprint collected between March 2002 and April 2012. Each Settlement Class Member shall receive a Reimbursement Payment calculated as follows: (i) For Accounts in Good Standing that existed prior to June 30, 2004, the Reimbursement Payment will equal 152% of the B&O Surcharge billed to the Account, subject to the potential upward adjustments set forth in the Settlement Agreement; and (ii) For Accounts in Good Standing that did not exist prior to June 30, 2004, the Reimbursement Payment will equal 110% of the B&O Surcharge billed to the Account, subject to the potential upward adjustments set forth in the Settlement Agreement. (iii) Notwithstanding the foregoing, for Accounts that are not in Good Standing, regardless of when the Account was opened, the Reimbursement Payment will equal 50% of the B&O Surcharge billed to the Account, subject to the potential upward adjustments set forth in the Settlement Agreement. Settlement Class Members will receive Reimbursement Payments as provided in paragraph 3.5(d) of the Settlement Agreement.

10. **Administration Fee.** The Claims Administrator is authorized to withdraw the Administration Fee from the Fund Account according to the terms of the Settlement Agreement. The Administration Fee shall have priority to the funds in the Fund Account over the Class Counsel Award, the Incentive Award, and the Reimbursement Payments.

11. **Appointment of Class Representative and Class Counsel.** Named Plaintiffs Christopher Hesse and Nathaniel Olson were previously certified as the class representatives and shall implement the Parties' Settlement in accordance with the Settlement Agreement. As previously appointed, the law firms of Breskin Johnson & Townsend PLLC and Stritmatter Kessler Whelan are Class Co-Counsel. Named

Plaintiffs and Class Co-Counsel must fairly and adequately protect the Class's interests.

12. **Attorney's Fees and Costs.** As set forth in a separate order this date, Class Co-Counsel is awarded $4,000,000.00, with a possible supplemental award of up to $1,000,000.00, in fees and costs. Payment shall be made from the Fund Account pursuant to the timeline stated in paragraph 2.2 of the Settlement Agreement.

13. **Incentive Award.** Named Plaintiffs Christopher Hesse and Nathaniel Olson are each awarded $7,500.00 as an incentive award. Payment shall be made from the Fund Account pursuant to the timeline stated in paragraph 2.3 of the Settlement Agreement.

14. **Dismissal with Prejudice.** The Court hereby dismisses the Action in its entirety with prejudice, and without fees or costs except as otherwise provided for herein.

15. **Termination.** If the Final Settlement Date does not occur for any reason, the following will occur: (a) the Final Order and Judgment and all of their provisions, will be vacated by their own terms, including, but not limited to the Class Counsel Award and the Incentive Award, and the Final Order and Judgment will not waive or otherwise impact the Parties' rights or arguments in any respect; and (b) the Action will revert to the status that existed before the Settlement Agreement's execution date. No term or draft of this Settlement Agreement, or any part of the Parties' settlement discussions, negotiations, or documentation will have any effect or be admissible in evidence for any purpose in the Action or any other proceeding.

16. **Court's Jurisdiction.** Pursuant to the Parties' request, the Court will retain jurisdiction over this Action and the Parties until final performance of the Settlement Agreement.

**17.** **Entry of Judgment.** The Clerk of Court is hereby directed to enter as a separate document on the docket the accompanying Judgment.

DATED: 2 December, 2014

_____
HON. JAMES L. ROBART
UNITED STATES DISTRICT JUDGE